IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NO. **22-13215-AA**

United States of America,

Appellee,

- versus -

Mikel Mims,

Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
_____

<u>SUPPLEMENTAL BRIEF FOR THE UNITED STATES</u>

Jason A. Reding Quiñones
United States Attorney
Attorney for Appellee
99 N.E. 4th Street
Miami, Florida 33132-2111
(561) 598-6531

Emily M. Smachetti
Acting Chief, Appellate Division

Amanda Perwin
Assistant United States Attorney

Of Counsel

## United States v. Mikel Mims, Case No. 22-13215-AA

## Certificate of Interested Persons

In compliance with Fed. R. App. P. 26.1 and 11th Circuit Rules 26.1 and 28-1, the undersigned certifies that the list below is a complete list of the persons and entities previously included in the government's CIP, as well as additional persons and entities (designated in bold face) who have an interest in the outcome of this case.

A.C.D.O.

Altonaga, Hon. Cecilia M.

Becker, Abigail Emily

B.M.L.G.

Caruso, Michael

Cooke, Hon. Marcia G.

Davidson, H. Ron

**Davis, Michael S.**

D.D.P.

**Dopico, Hector A.**

Fajardo Orshan, Ariana

Garber, Hon. Barry L.

**United States v. Mikel Mims, Case No. 22-13215-AA**

**Certificate of Interested Persons (Continued)**

Gelber, Daniel E.

Ghomeshi, Sogol

Gonzalez, Juan Antonio

Goodman, Hon. Jonathan

Greenberg, Gerald E.

Habbershaw, Simon

Hirsch, Lisa

H.M.

J.C.M.

J.D.R.S.

L.A.L.

Lapointe, Markenzy

**Matzkin, Daniel**

M.E.

Mims, Mikel

N.H.

Noto, Kenneth

**United States v. Mikel Mims, Case No. 22-13215-AA**

**Certificate of Interested Persons (Continued)**

N.R.

Otazo-Reyes, Hon. Alicia M.

Perwin, Amanda

Phillips-Williams Bonnie

**O'Byrne, Hayden P.**

**Reding Quiñones, Jason A.**

Richards, George

R.N.

Rosado, Vivian

R.S.

Rubio, Lisa Tobin

**Smachetti, Emily M.**

Smith, Chapman

Stowes, Ta'Ronce

T.

Turnoff, Hon. William C.

United States of America

**United States v. Mikel Mims, Case No. 22-13215-AA**

**Certificate of Interested Persons (Continued)**

Vereen, Roderick Darrell

Walkins, Arimentha R.

Williams, Hon. Kathleen M.

/s/Amanda Perwin
Amanda Perwin
AUSA, Appellate Division

**Statement Regarding Oral Argument**

A panel of this Court heard argument on this case on September 10, 2024. The United States of America respectfully suggests that the facts and legal arguments are adequately presented in the briefs and record before this Court and that the decisional process would not be significantly aided by rehearing en banc.

# Table of Contents

**Page:**

Certificate of Interested Persons  ...........................................................c-1

Statement Regarding Oral Argument  ....................................................i

Table of Contents  ...............................................................................ii

Table of Citations  ..............................................................................iii

Statement of the Issue  .......................................................................1

Statement of the Case:

      1.    Course of Proceedings and Disposition in the Court Below  ............1

      2.    Statement of the Facts  .......................................................3

      3.    Standards of Review  ........................................................4

Argument:

  I.   The District Court Had Inherent Authority to Enforce

      Mims's Restitution Order  ..............................................................4

 II.   The District Court Had Ancillary Jurisdiction to Enforce

      Mims's Restitution Order  .............................................................. 6

III.   Although the Government Forfeited Inherent Authority and Ancillary

      Jurisdiction Arguments By Failing to Raise them in its Initial Brief, this

      Court May Still Consider Them Under the Access Now Exceptions  .......... 8

Conclusion  ....................................................................................... 10

Certificate of Compliance  ................................................................. 11

Certificate of Service  ........................................................................11

## Table of Citations

**<u>Cases</u>:**                                                          **<u>Page</u>:**

*Access Now, Inc. v. Sw. Airlines Co.*,

  385 F.3d 1324 (11th Cir. 2004)...............................................................9

*Casa Express Corp as Tr. of Casa Express Tr. v.*

  *Bolivarian Republic of Venezuela*,

  158 F.4th 1176 (11th Cir. 2025) ...........................................................6

*Degen v. United States*,

  517 U.S. 820 (1996) ...............................................................................4

*Kokkonen v. Guardian Life Ins. Co. of Am.*,

  511 U.S. 375 (1994) ...........................................................................6, 8

*Peacock v. Thomas*,

  516 U.S. 349 (1996) ...........................................................................7, 8

*United States v. Benjamin*,

  958 F.3d 1124 (11th Cir. 2020)..............................................................4

*United States v. Campbell*,

  26 F.4th 860 (11th Cir. 2022) .............................................................3, 9

*United States v. Mims*,

  143 F.4th 1311 (11th Cir. 2025) .........................................................2, 3

**Table of Citations**

**Statutes & Other Authorities:**                                              **Page:**

18 U.S.C. § 371 ...............................................................................................1

18 U.S.C. § 1343 .............................................................................................1

18 U.S.C. § 3613 ................................................................................ 2, 4, 5, 8

18 U.S.C. § 3663 ................................................................................... 1, 2, 4

18 U.S.C. § 3664 ...................................................................................... 4, 5, 8

18 U.S.C. § 3583 .............................................................................................10

28 U.S.C. § 3003 .............................................................................................6

28 U.S.C. § 3001 .............................................................................................5

Fed. R. App. P. 26.1 ..................................................................................... c-1

Fed. R. App. P. 32 .........................................................................................11

Federal Rule of Criminal Procedure 38(e)(2) ...........................................3

## Statement of the Issues

I.   Whether the district court had inherent authority to issue an order directing Mims to comply with her restitution obligations;

II.    Whether the district court had ancillary jurisdiction to issue the compliance order; and

III.    Whether the Government forfeited the inherent authority and ancillary jurisdiction issues by not raising them in its initial brief before this Court.

## Statement of the Case

### 1.    <u>Course of Proceedings and Disposition in the Court Below</u>[1]

In April 2014, a Southern District of Florida grand jury returned an indictment charging Mims and a co-defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371 (Count 1) and wire fraud, in violation of 18 U.S.C. § 1343 (Counts 2, 4-6) (DE:3).   Pursuant to a plea agreement, Mims pleaded guilty to Count 1 (DE:40; 42).   The plea agreement provided that the Court might order restitution pursuant to 18 U.S.C. § 3663A (DE:42 at ¶ 5).   In July 2014, the district court sentenced Mims to three years' probation, a $100 special assessment, and $255,620 in restitution (DE:65).   The amended judgment provided that Mims must "pay restitution at the rate of 10% of monthly gross earnings, until such time as the

[1] Because the Government's initial response brief recited the full history of the parties' post-conviction restitution litigation, we include only a summary here.

court may alter that payment schedule in the interests of justice" (*id*. at 4).   The amended judgment also provided that "the U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay" and that "the defendant must notify the court and United States Attorney of material changes in economic circumstances" (*id*.).   Mims did not appeal her sentence.[2]

In 2021, the Government moved for an order directing Mims to comply with the restitution ordered by the district court, noting that Mims had not complied with the payment schedule in her judgment of conviction (DE:110).   Mims argued that the district court lacked jurisdiction to enforce restitution in her criminal case after her probation period had ended but must instead initiate a civil enforcement action (DE:111).   In its order granting the motion, the district court agreed with the Government that the court had statutory jurisdiction to enforce the restitution order under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. 3663A and 18 U.S.C. § 3613(b) (DE:114).

Mims appealed, and, after argument, a panel of this Court found that "the district court had ancillary jurisdiction to enforce the restitution order it had included in Mims's criminal sentence via the compliance order."   *United States v. Mims*, 143

---

[2] Mims's plea agreement included an appellate waiver, which waived the appeal of any sentence imposed, including any restitution order (DE:42 at ¶ 9).

F.4th 1311, 1316 (11th Cir. 2025).[3]   The panel also noted that it had "no trouble concluding" that the compliance order was also authorized by Federal Rule of Criminal Procedure 38(e)(2) (authorizing district courts to enforce restitution orders via "*any order reasonably necessary to ensure compliance with a restitution order* or a notice order after disposition of an appeal, including: (A) a restraining order; (B) an injunction; (C) an order requiring the defendant to deposit all or part of any monetary restitution into the district court's registry; or (D) an order requiring the defendant to post a bond").   *Id*. at 1318 n. 5.   Finally, the panel found that, although the district court had not relied on ancillary jurisdiction in its order, the Court could "affirm on any ground supported by the record, regardless of whether that ground was relied upon or even considered below."   *Id*. at 1318 n. 4.

Mims petitioned the Court for panel rehearing or rehearing en banc and this Court issued a supplemental briefing order directing the parties to address: (1) whether the district court had the inherent authority to issue the compliance order; (2) whether the district court had ancillary jurisdiction to issue the compliance order; and (3) whether the government forfeited the inherent authority and ancillary jurisdiction issues by not raising them before this Court, *see United States v. Campbell*, 26 F.4th 860 (11th Cir. 2022) (en banc).

_____

[3] The Government argued in its brief that the district court had jurisdiction under the MVRA but did not raise ancillary jurisdiction or inherent authority.

3

**2.    Statement of the Facts**

All relevant facts are summarized in the Course of Proceedings section.

**3.    Standards of Review**

This Court reviews de novo the district court's subject matter jurisdiction. *United States v. Benjamin*, 958 F.3d 1124, 1133 (11th Cir. 2020).

<div align="center"><b>Argument</b></div>

**I.    The District Court Had Inherent Authority to Enforce Mims's Restitution Order**

The district court had inherent authority to order Mims to comply with its restitution order.   "Courts invested with the judicial power of the United States have certain inherent authority to protect their proceedings and judgments in the course of discharging their traditional responsibilities."   *Degen v. United States*, 517 U.S. 820, 823 (1996) (but noting that in "many instances the inherent powers of the court may be controlled or overridden by statute or rule").   Here, notwithstanding Mims's insistence, no statute or rule exists to override the court's inherent power to protect its criminal judgment.   To the contrary, the district court's inherent authority here was consistent with its statutory jurisdiction, namely the MVRA, 18 U.S.C. § 3663A, and its corresponding enforcement mechanisms, including 18 U.S.C. § 3664, 18 U.S.C. § 3613, and 18 U.S.C. § 3613A.

Section 3613A(a)(1) governs the effect of a default by a defendant as to any fine or restitution.   In particular, the district court may:

<div align="center">4</div>

> pursuant to section 3565, revoke probation or a term of supervised release, modify the terms or conditions of probation or a term of supervised release, resentence a defendant pursuant to section 3614, hold the defendant in contempt of court, enter a restraining order or injunction, order the sale of property of the defendant, accept a performance bond, *enter or adjust a payment schedule, or take any other action necessary to obtain compliance with the order of a fine or restitution.*

*Id*. (emphasis added).   Relatedly, § 3664(k) requires that restitution orders provide for notification to the court of "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution" and, upon receipt of such notification, authorizes the district court to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." Pursuant to 18 U.S.C. § 3613(b), a defendant's liability to pay restitution terminates "on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution."

Finally, contrary to Mims's claim, 18 U.S.C. § 3613 authorizes, but does not require, civil remedies for satisfaction of unpaid restitution by providing that the United States "may" enforce restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a) and (f).   Those procedures are laid out in the Federal Debt Collection Procedures Act of 1990 ("FDCPA"), 28 U.S.C. §§ 3001(a)(1) and 3002(3)(B) et. seq., and provide explicitly that "this chapter shall not be construed to curtail or limit the right of the United States *under any other Federal law or any*

*State law . . .* to collect any fine, penalty, assessment, restitution, or forfeiture *arising in a criminal case.*"  28 U.S.C. § 3003(b)(2) (emphasis added).  No subsection of the MVRA, however—nor any other statute—limits the district court's enforcement powers to a defendant's probation or supervised release period or requires separate civil enforcement thereafter.

## II.    The District Court Had Ancillary Jurisdiction to Enforce Mims's Restitution Order

The district court had ancillary jurisdiction to order compliance with its restitution order.  "Under the doctrine of ancillary jurisdiction, federal courts may exercise jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them."  *Casa Express Corp as Tr. of Casa Express Tr. v. Bolivarian Republic of Venezuela*, 158 F.4th 1176, 1184 (11th Cir. 2025) (citation omitted).  The Supreme Court has recognized ancillary jurisdiction "for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994) (citations omitted).

Under the second category, like the exercise of inherent authority, "ancillary jurisdiction [may be used] in subsequent proceedings for the exercise of a federal

6

court's inherent power to enforce its judgments." *Casa Express Corp.*, 158 F.4th at 1184.   While ancillary jurisdiction does not exist where the proceedings are "entirely new and original," the Supreme Court has approved its exercise where the district court's order "merely required compliance with the existing judgment by the persons with authority to comply." *Peacock v. Thomas*, 516 U.S. 349, 357-58 (1996) (rejecting use of ancillary jurisdiction "to impose an obligation to pay an existing judgment on a person *not already liable* for that judgment") (emphasis added).   Subject to these limitations, the Supreme Court has approved ancillary jurisdiction "over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments—including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances." *Peacock* 516 U.S. at 356.

Contrary to Mims's claim, neither *Peacock* nor any other case holds that district courts may exercise ancillary jurisdiction only if other enforcement mechanisms are unavailable (Supp. Br. at 12-13).   Rather, as the Court explained, "ancillary jurisdiction is not justified over *a new lawsuit* to impose liability for a judgment *on a third party*" where the Federal Rules of Civil Procedure "provide fast and effective mechanisms for relief." *Peacock*, 516 U.S. 359 (emphasis added) (explaining that ancillary enforcement jurisdiction is a "creature of necessity" and that courts may not exercise it where the proceedings are "new and original" or "the

relief sought is of a different kind or on a different principle than that of the prior decree") (quotations and citations omitted)).   In other words, the Court's concern in *Peacock* was the exercise of ancillary jurisdiction over new matters or parties, but nowhere did the Court hold that ancillary jurisdiction is barred in all cases where other enforcement mechanisms exist.

In Mims's case, the district court's order "merely required compliance with the existing judgment by the person[] with authority to comply."   *Peacock*, 516 U.S. at 358.   In other words, the district court did no more than "vindicate its authority" by directing Mims to pay the restitution in her criminal judgment.   *Kokkonen,* 511 U.S. at 379–80.   But even if Mims were correct that the availability of other enforcement options foreclosed the exercise of ancillary jurisdiction, the district court availed itself of those options under the MVRA and its corresponding enforcement mechanisms, well within its twenty-year limitations period.   *See* 18 U.S.C. § 3664, 18 U.S.C. § 3613(b), and 18 U.S.C. § 3613A.

### III.    Although the Government Forfeited Inherent Authority and Ancillary Jurisdiction Arguments By Failing to Raise them in its Initial Brief, this Court May Still Consider Them Under the *Access Now* Exceptions

The Government forfeited arguments related to inherent authority and ancillary jurisdiction by not raising them in its initial brief, but this Court may

nonetheless consider them because, as explained above, the proper resolution of the questions is beyond any doubt.

As this Court has explained: a "failure to raise an issue in an initial brief on direct appeal should be treated as a forfeiture of the issue, and therefore the issue may be raised by the court *sua sponte* in extraordinary circumstances after finding that one of [the] *Access Now*[4] forfeiture exceptions applies." *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022). Under *Access Now*, the Court may consider issues not raised in district court under five circumstances: (1) "if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice; (2) "where the appellant raises an objection to an order which he had no opportunity to raise at the district court level"; (3) "where the interest of substantial justice is at stake"; (4) "where the proper resolution is beyond any doubt"; and (5) where the "issue presents significant questions of general impact or of great public concern." 385 F.3d at 1332.

Here, it is beyond any doubt that the district court had both inherent authority and ancillary jurisdiction—along with statutory jurisdiction—to enforce Mims's criminal judgment. Mims's claim that jurisdiction ended with her probation period, and that separate civil enforcement remedies were required thereafter, is belied by

---

[4] *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004)

the plain language of the MVRA and unsupported by any other statute.  *See, e.g.*, 18 U.S.C. §§ 3583 (supervised release), 3563, 3563, 3564, and 3565 (probation).

### Conclusion

For the foregoing reasons and those in the government's principal brief, the panel's opinion was correct, and this Court should deny panel rehearing and en banc review.

<div style="margin-left:40%">

Respectfully submitted,

Jason A. Reding Quiñones
United States Attorney

</div>

By:   */s/ Amanda Perwin*
      Amanda Perwin
      Assistant United States Attorney
      99 N.E. 4th Street, 5th Floor
      Miami, FL 33132
      (305) 961-9061
      Amanda.Perwin@usdoj.gov

Emily M. Smachetti
Acting Chief, Appellate Division

Amanda Perwin
Of Counsel

## Certificate of Compliance

This brief complies with the type-volume limitation in the Court's July 23, 2025 Order because this brief contains 2,194 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements for Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016, 14-point Times New Roman font.

## Certificate of Service

I HEREBY CERTIFY that the foregoing Brief for the United States was filed using CM/ECF on this 19th day of December, 2025, and the foregoing brief was served via CM/ECF on Hector A. Dopico, Interim Federal Public Defender, Federal Public Defender's Office and TA'Ronce Stowes, Assistant Federal Public Defender, counsel for Mikle Mims.

*/s/ Amanda Perwin*
Amanda Perwin
Assistant United States Attorney

*ags*